UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BILLY NAVARRE CERTIFIED** : CASE NO. 2:24-CV-00085
**USED CAR IMPORTS LLC, ET AL.**

**VERSUS** : JUDGE JAMES D. CAIN, JR.

**CLAREMONT PROPERTY CO.** : MAGISTRATE JUDGE LEBLANC

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by the Defendant, Claremont Property Company ("Claremont"). Doc. 19. The Plaintiffs, Billy Navarre Certified Used Car Imports, LLC, Billy Navarre Imports, Inc., Lake Charles Auto Plaza, Inc. d/b/a Louisiana Direct Auto, Navarre Chevrolet, Inc., Navarre Management, LLC, and Navarre Nissan LLC (collectively "Navarre"), oppose the motion. Doc. 22.

## BACKGROUND INFORMATION

This dispute arises from the formation of construction work agreements formed in the days following Hurricane Laura, which struck Louisiana in August of 2020. The Plaintiffs own and operate several auto dealerships in Lake Charles and Sulphur, Louisiana. The Plaintiffs' properties were damaged during Hurricane Laura and required mitigation and repairs to roofing, ceilings, insulation, lighting, electrical, plumbing, and structural components.

It is alleged that on or about August 29, 2020, and September 4, 2020, the Plaintiffs and Claremont entered into several work authorization agreements whereby Claremont

agreed to make the necessary repairs and provide the required materials, equipment, services, and labor. Doc. 3 at ¶ 12. Plaintiffs agreed to assign insurance proceeds to Claremont in exchange for the work done on the properties. *Id.* Claremont allegedly represented to Plaintiffs that it was qualified and capable of performing the repairs in a good and workmanlike manner while providing the necessary materials and equipment, and that it would submit invoices to the Plaintiffs every two weeks. *Id.* at ¶ 13. Plaintiffs also allege that at the time Claremont approached them regarding the hurricane repairs it was not properly licensed to perform construction projects in Louisiana in violation of Louisiana Revised Statutes §§ 37:2150.1 and 37:2163. *Id.* at ¶ 15. Plaintiffs contend that Claremont did not obtain a Louisiana commercial contractor's license until July 20, 2022, after the work agreements were signed and the repair work had commenced. *Id.*

Plaintiffs allege that Claremont did not perform as required under the agreements by: (1) failing to provide all necessary equipment for the repairs; (2) failing to provide invoices every two weeks; and (3) failing to complete portions of the repairs in a good and workmanlike manner, which caused additional damage to the properties. *Id.* at ¶ 16. Further, Plaintiffs contend that this conduct caused delays, which caused additional damage and harmed Plaintiffs' businesses. *Id.* at ¶ 17. Plaintiffs also state that they had to hire replacement contractors to complete the remainder of the repairs and mitigate their damages. *Id.* Plaintiffs assert the following claims: (1) absolute nullity of the contracts; (2) failure to perform and bad faith breach of contract; (3) rescission of the contracts based on fraud and/or error; and (4) negligence. *Id.* at ¶¶ 25, 30, 31, 38, 60. Plaintiffs also seek a declaratory judgment from the Court concerning Claremont's contractor status and a

finding that the work agreements are absolutely null. *Id.* at ¶ 67. Claremont denies the allegations and asserts its own counterclaims against the Plaintiffs.[1] Doc. 11.

In the motion before the Court, Claremont seeks the dismissal of Plaintiffs' claims for breach of contract, negligence, and rescission for fraud and/or error pursuant to Rule 12(b)(6) for failure to properly state a claim based on an alleged lack of specificity in the Complaint.[2] Doc. 19 at 3. In the alternative, Claremont seeks an order requiring the Plaintiffs to amend their Complaint to cure the alleged deficiencies. Doc. 24 at 2. Plaintiffs oppose, and request that the Court deny the motion. Doc. 22 at 18. In the alternative, Plaintiffs request that they be allowed to amend their Complaint. *Id.*

## LAW AND ANALYSIS

**I.  Rule 12(b)(6) and Rule 12(c) Standards.**

At the outset, the Court must address the timeliness of Claremont's Rule 12(b)(6) motion. The docket reflects that Claremont filed the instant motion after filing its answer, which is untimely pursuant to Rule 12(b)(6). Doc. 11; Doc. 19. The Fifth Circuit has held that an untimely filed Rule 12(b)(6) motion may be treated as a Rule 12(c) motion for judgment on the pleadings based on a failure to state a claim. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). As such, Claremont's untimely Rule 12(b)(6) motion will be construed as a motion for judgment on the pleadings under Rule 12(c).

---

[1] Claremont asserts counterclaims for: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) collection of an open account pursuant to Louisiana Revised Statute § 9:2781; (4) unjust enrichment/quantum meruit; and (5) defamation. Doc. 11.

[2] The Court notes that Claremont's motion does not seek the dismissal of Plaintiffs' claims for absolute nullity or declaratory judgment.

This characterization does not affect the analysis because the standards under Rule 12(b)(6) and Rule 12(c) are identical. *IberiaBank v. Broussard*, No. 14-2448, 2015 WL 9874145, at *2 (W.D. La. Dec. 15, 2015) (citing *Jones*, 188 F.3d at 324). Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must meet the minimum pleading requirements found in Rule 8(a)(2) to properly state a claim. "Rule 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)). While Rule 8(a)(2) does not require detailed factual allegations, it demands more than "labels and conclusions" and a mere "formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Rule 12(b)(6) motions to dismiss are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court may also consider documents attached to a motion to dismiss that are central to the plaintiff's claim and referenced in the complaint, but only if the plaintiff does not object. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). In evaluating a motion to dismiss, courts may also consider "matters of which [it] may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)).

## II.  Collective Nature of Plaintiffs' Claims for Breach of Contract and Negligence.

Claremont argues that Plaintiffs' Complaint fails to clearly state a cause of action on behalf of any of the individual Navarre entities as required by Rule 8(a), which in turn warrants dismissal under Rule 12(b)(6). Doc 19-1 at 5. Rather, Claremont suggests that Plaintiffs, in an effort to simplify a complex multi-contract dispute concerning the related Navarre-entities, improperly grouped all of their claims together using singular terms. *Id.* Claremont notes that the six separate legal entities are referred to as "Plaintiffs," the six properties are referred to as "the Properties," the six separate work agreements are referred to as the "Agreements," and the repairs across the six properties are collectively referenced as "Hurricane Repairs." *Id.* As such, Claremont argues that the Complaint does not provide fair notice of the claims asserted by each individual Plaintiff or the grounds upon which the claims rest as required by Rule 8(a), and it should not be required to guess the nature of each claim. *Id.* at 8.

Plaintiffs respond by noting that the case involves a small group of related entities alleging claims against a single Defendant, Claremont, who allegedly breached identically worded contracts during the same time period for the same type of work, for the same reasons. Doc. 22 at 10. Plaintiffs argue that their Complaint contains sufficient information to provide Claremont with fair notice of their claims, which is all that is required under Rule 8(a). *Id.* at 11. Plaintiffs also argue that Claremont clearly had fair notice because it was able to fully respond to the Complaint, assert affirmative defenses, and allege counterclaims based on the work agreements that are the subject of Plaintiffs' Complaint. *Id.* Moreover, Plaintiffs note that if Claremont required more details concerning each claim it should have filed a Rule 12(e) motion for a more definite statement, which it elected not to do by filing a responsive pleading. *Id.* at 9.

A complaint that contains group allegations against a single defendant does not automatically run afoul of Rule 8(a). However, a complaint containing group allegations must provide the defendant with adequate notice. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385-86 (5th Cir. 2017) (affirming ruling that group pleading complied with Rule 8(a) by providing adequate notice of the claims). Upon review of the Plaintiffs' Complaint, the Court is satisfied that it meets the minimal standards of Rule 8(a), provides fair notice to Claremont of Plaintiffs' claims, and contains sufficient allegations to plausibly state claims for breach of contract and negligence by all Plaintiffs.

Regarding the claims for breach of contract, the Plaintiffs have alleged that they entered into work agreements with Claremont between August 29, 2020, and September 4, 2020, for Claremont to make necessary repairs to their properties and provide the necessary

materials, equipment, services, and labor in exchange for the assignment of insurance proceeds. Doc. 3 at ¶ 12. The Plaintiffs have alleged that Claremont breached the agreements by failing to timely and competently perform its services, failing to provide the necessary labor, materials, or equipment, and failing to provide timely invoices as required under the work agreements. *Id.* at ¶¶ 16, 30. The Plaintiffs also alleged that the breach of the work agreements caused damage by necessitating the hiring of a replacement contractor, procurement of necessary equipment, other damages due to the delay in making the repairs, and damages for the expense incurred in completing unfinished work. *Id.* at ¶¶ 20, 31, 36. The Court's reading of the Complaint is that all Plaintiffs are alleging the breach of their respective work agreements with Claremont for the same reasons. As such, the Complaint, as written, is sufficient to provide fair notice to Claremont and properly states the Plaintiffs' claims for breach of contract.

Plaintiffs' claims for negligence also meet the minimum pleading requirements by providing notice to Claremont. Specifically, the Plaintiffs have alleged that Claremont owed a duty to perform hurricane repairs in a workmanlike manner and that Claremont breached this duty of care by carelessly and/or intentionally damaging Plaintiffs' properties, failing to complete repairs in a workmanlike manner, failing to properly supervise and/or monitor work areas, failing to assess Plaintiffs' properties following attempted repairs, and installing an inoperable roof on one of the Plaintiffs' properties.[3] *Id.*

---

[3] Plaintiffs' reference to a specific roof repair should have provided additional details for clarity. Doc. 3 at ¶ 61(a). However, this does not affect the Court's ruling because the Plaintiffs allege that Claremont failed to perform repairs in a workmanlike manner as to all properties, which would include the noted roof repair. Further, Plaintiffs have provided sufficient allegations to assert claims for negligence without the allegation concerning the specific roof repair.

at ¶¶ 60-62.  Further, the Plaintiffs allege that Claremont's negligence resulted in damages because they had to secure additional repairs at increased costs due to Claremont's insufficient work.  *Id.* at ¶¶ 63.  Again, the Court reads the Complaint as all Plaintiffs asserting negligence claims against Claremont for the same reasons.  The allegations are sufficient to provide notice to Claremont and to properly assert claims for negligence.  Claremont's motion to dismiss these claims will be denied.

**III.     Plaintiffs' Claims for Rescission of the Work Agreements due to Fraud and/or Error.**

Claremont raises additional arguments regarding Plaintiffs' claims under Louisiana law for rescission of the work agreements due to fraud or error, noting the heightened pleading standard associated with these claims and the alleged lack of required details provided by Plaintiffs.  Doc. 19-1 at 8-10.  The Plaintiffs maintain that their Complaint provides the necessary information to meet the heightened pleading standard for fraud or error.  Doc. 22 at 16.

A claim under Louisiana law for the rescission of a contract due to fraud or error is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b).  *Lowery v. Divorce Source, Inc.*, No. 15-1120, 2015 WL 5321758, *3-4 (E.D. La. Sept. 11, 2015); *Spyridon Contogouris v. Westpac Res.*, LLC, No. 10-4609, 2011 WL 13213834, at *10 (E.D. La. June 7, 2011).  Rule 9(b) provides that when a plaintiff alleges fraud or mistake, he must "state with particularity the circumstances constituting the fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  "Fifth Circuit precedent interprets Rule 9 to require the

plaintiff to 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Sollberger v. Humphries*, No. 23-1023, 2023 WL 6065154, at * 4 (E.D. La. Sept. 18, 2023) (quoting *Williams v. WMX Techs, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)). The Fifth Circuit has held that Rule 9(b) is to be applied "with bite and without apology." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (quoting *Williams*, 112 F.3d at 178).

The Plaintiffs have alleged that on or about August 29, 2020, prior to the execution of the work agreements, Claremont represented to them that it was capable, competent, and qualified to contract for the construction projects at issue when Claremont knew or should have known that it did not possess a Louisiana contractor's license or the necessary skills/equipment to complete the repairs in a good and workmanlike manner. Doc. 3 at ¶¶ 15, 43, 45.  Plaintiffs allege that they relied on these statements when entering into the work agreements. *Id.* at ¶ 44.  Further, Plaintiffs allege that Claremont intended for them to rely on these representations during the negotiations of the work agreements. *Id.* at ¶ 47. Plaintiffs assert that they would not have entered into the agreements if they had known Claremont was not licensed in Louisiana and could not perform the repairs in question. *Id.* at ¶¶ 47, 51.  Plaintiffs also allege that Claremont fraudulently billed them for services it did not provide. *Id.* at ¶ 46.

Claremont argues that these allegations fail to meet the requirements of Rule 9(b) because Plaintiffs have not alleged "the who, what, when, and where" of their claims.  Doc. 19-1 at 9.  Specifically, Claremont notes that Plaintiffs have not alleged the identity of the

individual or agent for Claremont who allegedly communicated the misrepresentations, nor where any of the misrepresentations were made or how the statements were delivered to the Plaintiffs. *Id.* Claremont also notes that the Complaint does not identify the skills or equipment Claremont allegedly lacked to complete the necessary repairs, or the invoices that allegedly contained fraudulent billing. *Id.*

Upon review of Plaintiffs' claims for rescission based on fraud and/or error the Court agrees with Claremont that Plaintiffs have failed to provide the required particularity demanded under Rule 9(b). Completely missing from Plaintiffs' fraud claims are allegations as to the identity of Claremont's representative who allegedly uttered the statements concerning Claremont's qualifications upon which the Plaintiffs relied, as well as the method of communication, and the place and manner in which the communication occurred. Also missing is a description of the skills/equipment misrepresented by Claremont. Even more troublesome are Plaintiffs' allegations concerning unspecified fraudulent invoices. Further, because of Rule 9(b)'s heightened pleading standards, group pleading does not provide sufficient particularity as to the specific circumstances of fraud and/or error as to each individual Plaintiff. As such, the Court will grant Claremont's motion as to Plaintiffs' claims to rescind the work agreements due to fraud and/or error.

Plaintiffs have specifically requested leave to file an Amended Complaint in the event the Court finds that it failed to state a claim. Doc. 22 at 18. Because this case is in the beginning stages of litigation, it is appropriate under Rule 15(a)(2) for the Court to afford Plaintiffs with the opportunity to amend their Complaint. Leave to amend will be granted.

**IV. Plaintiffs' claims for Contract Dissolution under Louisiana Civil Code article 2013.**

Finally, Claremont moves for the dismissal of Plaintiffs' claims for the judicial dissolution of the work agreements at issue under Louisiana Civil Code article 2013 based on the alleged failure of Claremont to perform its obligations under the agreements. Doc. 19-1 at 10. Claremont argues that dissolution is prohibited under Louisiana Civil Code article 2014 because it substantially performed its obligations under the agreements, and Plaintiffs have not alleged that it failed to deliver substantial performance of the agreements. *Id.* at 11. Plaintiffs respond by arguing that the issue of substantial performance inevitably involves questions of fact which is inappropriate in the context of a motion to dismiss. Doc. 22 at 17-18.

Louisiana Civil Code article 2013 provides in relevant part: "When the obligor fails to perform, the obligee has a right to the judicial dissolution of the contract or, according to the circumstances, to regard the contract as dissolved." La. Civ. Code art. 2013. Louisiana Civil Code article 2014 provides: "A contract may not be dissolved when the obligor has rendered a substantial part of the performance and the part not rendered does not substantially impair the interest of the obligee." La. Civ. Code art. 2014. Whether substantial performance has occurred is a question of fact. *Walker v. Chesapeake Louisiana, LP*, No. 09-1727, 2010 WL 3843682, at *8 (W.D. La. Sept. 24, 2010) (citing *E.B. Ludwig Steel Corp. v. C.J. Waddell Contractors, Inc.*, 534 So.2d 1364, 1368 (La. App. 5th Cir. 1988)).

At this stage in the proceedings, the Court need only determine whether Plaintiffs have sufficiently stated a claim to dissolve the work agreements under Louisiana Civil Code article 2013. The Complaint alleges that Claremont failed to timely and completely perform as required by the agreements and seeks dissolution of the agreements based on Claremont's alleged failure to perform its obligations. Doc. 3 at ¶¶ 30-32. This is sufficient to state a claim. Whether the performance provided by Claremont is sufficiently substantial to preclude dissolvement is a question of fact underlying the merits of the claims, which is more appropriately considered in a later proceeding.

## CONCLUSION

For the reasons stated above, Claremont's Motion to Dismiss (Doc. 19) will be **GRANTED IN PART** as to Plaintiffs' claims to rescind the contracts due to fraud and/or error, which will be dismissed without prejudice, and **DENIED IN PART** as to the remainder of the motion. Plaintiffs will be granted leave to file an amended complaint on or before August 14, 2024.

**THUS DONE AND SIGNED** in Chambers on this 30th day of July, 2024.

            **JAMES D. CAIN, JR.**
      **UNITED STATES DISTRICT JUDGE**