UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BILLY NAVARRE CERTIFIED USED CAR IMPORTS L L C ET AL** | : | **CASE NO. 2:24-CV-00085** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **CLAREMONT PROPERTY CO** | : | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

Before the court are two related motions: *Plaintiffs' Opposed Motion for Extension of Time to File Amended Complaint* [doc. 29] and *Claremont's Motion to Strike Plaintiffs' Second Amended Complaint* [doc. 33]. For the following reasons, it is **HEREBY ORDERED** that *Plaintiffs' Opposed Motion for Extension of Time to File Amended Complaint* [doc. 29] is **GRANTED**. It is **FURTHER ORDERED** that *Claremont's Motion to Strike Plaintiffs' Second Amended Complaint* [doc. 33] is **DENIED**.

## I.
### BACKGROUND

The Court dismissed fraud-based claims brought by Plaintiffs/Counter-Defendants Billy Navarre Certified Used Car Imports, L.L.C., Billy Navarre Imports, Inc., Lake Charles Auto Plaza, Inc., Navarre Chevrolet, Inc., Navarre Management, L.L.C., and Navarre Nissan LLC (collectively, "Navarre") on July 30, 2024. Doc. 26. The Court allowed Navarre two weeks to attempt to amend its Complaint to add more particularized accusations of fraud. *Id.* On the deadline, Navarre moved to extend the deadline by another two weeks, arguing that good cause exists to extend the deadline because family travel and other deadlines effectively compressed the

window to amend the claims beyond what Navarre needed to investigate and draft the amendment. Doc. 29.  Navarre further argued that a two-week delay could cause no prejudice.  *Id.*

Claremont Property Company ("Claremont") opposed the motion for extension, arguing that the fraud allegations are inherently prejudicial, having caused Claremont to incur litigation fees and potential reputational damage.  Doc. 30.  In its opposition, Claremont argues that by admitting the need to conduct additional investigation as to the fraud claims, Navarre essentially admits that it inadequately investigated those claims in the first place and that Navarre should not now be granted more time to embellish fundamentally frivolous claims.  *Id.*  Claremont further argues that there can be no good cause to extend the deadline because Navarre should have known from the inception of litigation that Rule 9 of the Federal Rules of Civil Procedure requires fraud claims be supported by specific factual representations that necessitate a thorough investigation. *Id.*

Before the court ruled on the motion for extension, Navarre filed its Second Amended Complaint two weeks after the original deadline, on the date requested in its motion for extension. Doc. 31.

Claremont then moved to strike the Second Amended Complaint.  Doc. 33.  In its motion to strike, Claremont argues that the Second Amended Complaint was untimely filed; that the opposed request for an extension was itself untimely filed in violation of this Court's standing order;[1] and that there can be no good cause to grant Navarre additional time to amend fraud claims it should have adequately researched in the first place.  Doc. 33.

---

[1] Judge Cain's standing order requires that "a motion for extension of a deadline in any matter pending before the undersigned shall be filed at least two (2) business days prior to the deadline.  The moving party shall provide the undersigned the specific reasons justifying the extension, even if the motion is unopposed.  No request for extension filed in violation of this order will be granted absent a showing of exigent circumstances."

2

## II.
### LAW AND APPLICATION

Generally, courts favor amendment and disfavor motions to strike. Courts should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. Proc. 15(a)(2). In deciding a motion to amend, the court should consider "whether permitting the pleading would cause undue delay in the proceedings or undue prejudice to the nonmovant, the movant is acting in bad faith or with a dilatory motive, the movant has previously failed to cure deficiencies by prior pleadings, or the proposed pleading is futile in that it adds nothing of substance to the original allegations or is not germane to the original cause of action." *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983). Although the limited question here is whether the deadline to amend should be extended, the courts' liberal approach toward amendments supports granting the extension.

On the other hand, "[m]otions to strike are disfavored and infrequently granted." *Bank of Jackson Hole v. Robinson*, 14-1413, 2016 WL 1060356, at *2 (W.D. La. Mar. 14, 2016) (citing *United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 767 (N.D. Tex. 2002)); *see also Cargo v. Kan. City S. Ry. Co.*, No. 05-2010, 2011 WL 1234391 (W.D. La. Apr. 1, 2011) (internal citations omitted). As the Fifth Circuit has noted:

> "Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. * * * It is a drastic remedy to be resorted to only when required for the purposes of justice. * * * The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."
>
> A disputed question of fact cannot be decided on motion to strike. It is true, also, that when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike. Under such circumstances, the court may properly, and we think should, defer action on the motion and leave the sufficiency of the allegations for determination on the merits.

*Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)(quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953))(internal footnotes omitted, alteration original).

Navarre's oversight in waiting until the deadline to seek an extension does not appear to have been made in bad faith, and Claremont makes no argument that the two-week delay prejudiced Claremont, beyond the argument that the fraud claim itself prejudices Claremont. Although Claremont argues that Navarre should have investigated its fraud claims thoroughly from the outset, these arguments drift toward the substantive merits of the amendment. In the interest of maintaining a complete record of this action, the extension is granted and the motion to strike is denied without any prejudice to Claremont's right to attack the substantive merit of the amendment by appropriate motion.

### III.
### CONCLUSION

For the reasons stated, it is **HEREBY ORDERED** that *Plaintiffs' Opposed Motion for Extension of Time to File Amended Complaint* [doc. 29] is **GRANTED**. It is **FURTHER ORDERED** that *Claremont's Motion to Strike Plaintiffs' Second Amended Complaint* [doc. 33] is **DENIED**.

**SO ORDERED** at Lake Charles, Louisiana, this 31st day of March, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**