**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **BILLY NAVARRE CERTIFIED USED CAR IMPORTS L L C ET AL** | **CASE NO. 2:24-CV-00085** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CLAREMONT PROPERTY CO** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM ORDER

Before the court is a Motion to Exclude Expert Testimony [doc. 102] filed by defendant/counter-claimant Claremont Property Co. ("Claremont"). Plaintiff/counter-defendant Billy Navarre Certified Used Car Imports, LLC; Billy Navarre Imports, Inc.; Lake Charles Auto Plaza, Inc. d/b/a Louisiana Direct Auto; Navarre Chevrolet, Inc.; Navarre Management, LLC; and Navarre Nissan LLC (collectively, "Navarre") opposes the motion. Doc. 109.

## I. BACKGROUND

This suit arises from construction work agreements formed in the days following Hurricane Laura, which struck Southwest Louisiana on August 27, 2020. Navarre owns and operates several dealerships in Lake Charles and Sulphur, Louisiana. It sustained damage to these properties during Hurricane Laura, requiring mitigation and repairs to roofing, ceilings, insulation, lighting, electrical, plumbing, and structural components.

Navarre sued Claremont in this court on January 19, 2024, alleging that the latter had breached the subject work agreements by failing to (1) provide all necessary equipment

for the repairs, (2) provide invoices every two weeks, and (3) complete portions of the repairs in a good and workmanlike manner, which caused additional damage to the properties. Doc. 1, ¶ 16. In its Second Amended Complaint, Navarre raised claims of (1) failure to perform and bad faith breach of contract, (2) rescission due to fraud or error, and (3) absolute nullity. Doc. 31. It seeks damages and declaratory relief. *Id.* In response, Claremont filed counterclaims of (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) open account, (4) unjust enrichment/quantum meruit, and (5) defamation. Doc. 46. The court determined, based on Navarre's motions to dismiss, that the subject work agreements were an absolute nullity for all work performed before Claremont obtained a Louisiana commercial contractor license and that the defamation claim is premature. Doc. 55.

The matter was originally set as a jury trial before the undersigned. Doc. 85. Subsequently, however, Navarre filed an unopposed motion to strike the jury trial designation. Doc. 106. The court has granted the motion and reset the jury trial scheduled for October 19, 2026, as a bench trial to proceed on the same day. Doc. 111. While the case was still set as a jury trial, Claremont filed this motion seeking to exclude certain opinion testimony from Robert Ehlers and Kirk Toups for (1) failure to timely comply with the disclosure and report requirements of Federal Rule of Civil Procedure 26(a)(2)(B) and (2) failure to conform to Federal Rule of Evidence 702 and the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Doc. 102. Navarre opposes the motion in both respects. Doc. 109.

## II. LAW & APPLICATION

### A. Rule 26

Under the Federal Rules of Civil Procedure, a party must disclose the identity of any expert witness it may use at trial and generally must accompany this disclosure with a written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). The report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them" as well as the facts and data considered by the witness and any exhibits that will be used to support or summarize his testimony. *Id.* at 26(a)(2)(B)(i)–(iii). It must also include (1) the witness's qualifications, including a list of all publications in the last ten years, (2) a list of all other cases in which the witness has provided expert testimony in the last four years, and (3) a statement of the compensation to be paid in this case. *Id.* at 26(a)(2)(B)(iv)–(vi).

Rule 26 does not limit an expert's testimony simply to reading his report. Instead, the rule "contemplates that the expert will supplement, elaborate upon, and explain his report in his oral testimony." *S.E.C. v. Life Partners Holdings, Inc.*, 2013 WL 12076934, at *3 (W.D. Tex. Nov. 8, 2013) (quoting *Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir. 2006)) (cleaned up). However, a complete report must provide the substance of the testimony the expert will offer along with his reasons. *Denley v. Hartford Ins. Co. of Midwest*, 2008 WL 2951926, at *4 (E.D. La. Jun. 29, 2008) (citing Rule 26 Advisory Committee Note, 1983 Amendments). The purpose of these requirements is to prevent unfair surprise. *Davidson v. Ga. Pacific, LLC*, 2014 WL 36621, at *3 (W.D. La. Jan. 6,

2014). Accordingly, an expert who fails to provide a report complying with Rule 26(a) should not be permitted to testify "unless such failure is harmless." *Life Partners Holdings, Inc.*, 2013 WL 12076934 at *3 (citing Fed. R. Civ. P. 37(c)(1)). To determine whether a violation of Rule 26 is harmless under Rule 37(c), the court considers: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Tex. A & M Research Found. v. Magna Transp., Inc.,* 338 F.3d 394, 402 (5th Cir. 2003).

Claremont seeks to exclude opinion testimony based on deficiencies in the reports provided by Navarre for Kirk Toups, who is offered as a construction expert. The court's last scheduling order set Navarre's expert disclosure deadline for June 22, 2026. Doc. 98. Navarre first provided a report from Toups on May 4, 2026, but this document did not contain a signature page or include Toups's curriculum vitae, list of publications, list of prior expert testimony in the last four years, or rate of compensation. *See* doc. 102, att. 3. Navarre then provided a supplemental report on August 13, 2026, which included a curriculum vitae along with additional opinions based on a May 22, 2026, inspection. Doc. 102, att. 4. However, Navarre did not seek leave to file a supplemental report and the court's scheduling order provides: "**No supplemental reports or additional expert witnesses will be permitted outside of these deadlines without leave of court upon a showing of good cause.**" Doc. 98, p. 2 (emphasis in original).

Navarre points out that Claremont did not seek leave to depose Toups after receiving either of his reports. Doc. 109, p. 9. There is also no indication that Claremont requested

cure of the technical deficiencies before filing this motion. Navarre therefore requests leave to cure the deficiencies before the court takes any action against its witness on this basis. As numerous courts have concluded, untimely disclosure of items such as the fee schedule or list of prior testimony falls short of the prejudice required by Rule 37(c)(1) to justify striking a party's expert witness. *See, e.g.*, *Hayes v. So. Fidelity Ins. Co.*, 2014 WL 5305683, at *15 (E.D. La. Oct. 15, 2014) (failure to provide fee schedules, qualifications, and list of prior testimony); *Ambrose v. State Farm Mut. Ins. Co.*, 2021 WL 2284299, at *3 (E.D. La. Jun. 4, 2021) (failure to include compensation statement); *Bendik v. USAA Cas. Ins. Co.*, 2019 WL 9466018, at *3 (M.D. Fla. Oct. 25, 2019) (failure to provide hourly rate, prior publications, and prior testimony); *Rodi v. Rambosk*, 2015 WL 1910499, at *2 (M.D. Fla. Apr. 27, 2015) (same). The court will therefore grant Navarre seven days from the date of this ruling to amend the first, timely report as to the identified deficiencies under Rule 26(a)(2)(B) only. Navarre may not use this opportunity to expand on any of Toups's opinions provided within the first report.

As for the supplemental report, Navarre provides no defense for its failure to abide by the court's scheduling order. The court's scheduling order governs the deadlines for expert disclosures. *See, e.g.*, *Russell v. Wal-Mart Stores*, 2007 WL 9725186, at *2 (E.D. Tex. Jun. 7, 2007) (expert disclosures must "be made at the times and in the sequence directed by the court."). The court may still allow the supplement if a party shows good cause under Rule 16(b), considering the same four factors provided under Rule 37(c). *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). But Navarre has provided no explanation or argument for the importance of the supplement. Further, a continuance

is not available at this late stage and Claremont is plainly prejudiced by the supplementation of Navarre's expert reports after its own expert deadline has passed. Accordingly, the motion will be granted to the extent that Toups's testimony is limited to the opinions contained within his first report.

**B. *Daubert* Motion**

The trial court serves as gatekeeper in determining the admissibility of expert testimony, by making an initial determination of whether the expert's opinion is relevant and reliable. *See Daubert*, 509 U.S. at 589. This gatekeeping function extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Accordingly, Federal Rule of Evidence 702 provides that the court must consider the following three requirements on challenges to experts: 1) qualifications of the expert witness; 2) relevance of the proposed testimony; and 3) reliability of the principles and methodology on which the testimony is based.[1] The proponent of the expert testimony bears the burden of proving its admissibility, by a preponderance of the evidence. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

The trial court has broad latitude in determining the admissibility of expert testimony. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Rejection of expert testimony is the exception rather than the rule, and the court's role as gatekeeper

[1] The *Daubert* Court identified several additional factors for assessing whether the expert's methodology is valid and reliable, including whether the expert's theory had been tested and subjected to peer review, the known or potential error rate for the expert's theory or technique, the existence and maintenance of standards and controls, and the degree to which the technique or theory has been generally accepted in the scientific community. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 275 (5th Cir. 1998). However, the same standards cannot be applied to all possible fields of expertise. Accordingly, the *Daubert* analysis is necessarily flexible and fact-specific. *Kumho*, 526 U.S. at 150.

"does not replace the traditional adversary system and the place of the jury within the system." *Johnson v. Samsung Electronics Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011); *Scordill v. Louisville Ladder Grp., LLC*, 2003 WL 22427981, at *3 (E.D. La. Oct. 24, 2003). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Scordill*, 2003 WL 22427981 at *3 (quoting *Daubert*, 509 U.S. at 596).

**1. Robert Ehlers**

Navarre's accounting expert, Robert Ehlers, states in his report that he was "engaged to determine whether information provided to us, principally Claremont Property Co. invoices and estimate worksheets, was sufficient, competent evidence to reasonably verify that those construction costs were incurred by Claremont." Doc. 102, att. 2, p. 5. Claremont objects on the basis of relevance, because its claims are now centered on unjust enrichment. It also points out that it has now produced thousands of pages of expense logs, invoices, and receipts to Navarre, which were not available at the time Ehlers issued his report. Doc. 102, att. 1, p. 11.

The production of additional records does not permit supplementation of the report this close to trial. As for the original report, however, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000); *see also Volk v. United States*, 57 F.Supp.2d 888, 896 n. 5 (N.D. Cal. 1999) (In a bench trial, "the *Daubert* gatekeeping obligation is less pressing" because the gatekeeper and trier of fact

are the same.). That is the case here, where Claremont's sole concern is one of relevance/confusing the issues. Ehlers may offer testimony based on his original report, and the court will determine if it has any relevance to the issues presented.

**2. Kirk Toups**

Claremont maintains that the first Toups report falls short of *Daubert*'s reliability standards because of the admitted limitations on his evaluation, as embodied in his numerous recommendations for additional inspections and the need to obtain expert opinions from other contractors. For instance, based on his observation of exposed wiring at the car wash, Toups opines that "[t]he electrical conditions observed **may** pose safety risks and should be evaluated promptly by a licensed electrician" and that Navarre "**may** incur additional costs to address remaining issues." Doc. 102, att. 3, p. 4 (emphasis added). He also determined that exterior repairs to the Hyundai dealership are incomplete, despite Navarre's payment for the full invoiced amount. *Id.* at 6. He recommends that Navarre obtain evaluations from licensed cladding contractors, "as the scope of work has **likely** expanded due to prolonged exposure." *Id.* at 7 (emphasis added).

Claremont further asserts that Toups's opinions are irrelevant, because he discusses the percentage of completed work. Now that contract claims have been extinguished, Claremont's basis for recovery is not the completion of the contract but rather its unjust enrichment claim and Navarre's attempt to offset same by attacking Claremont's workmanship. As noted above, however, the court can readily sort out irrelevant evidence in this bench trial. Toups's firsthand impressions on the workmanship of Claremont's repairs, including the need for additional evaluations by specialists, are potentially helpful

to the court. He is limited to the opinions offered in his first report, but may "supplement, elaborate upon, and explain his report in his oral testimony." *Life Partners Holdings, Inc.*, 2013 WL 12076934 at *3.

## III.
## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Exclude Expert Testimony [doc. 102] be **GRANTED** insofar as Toups is limited to testifying on the opinions provided in his first report and **DENIED** in all other respects.

**THUS DONE AND SIGNED** in Chambers on the 8th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**